## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TARLEY K., | Case No. 0:19-cv-01702-JRT-KMM |
| Petitioner, | |
| v. | |
| WILLIAM P. BARR, Attorney General; SECRETARY, DEPARTMENT OF HOMELAND SECURITY; DIRECTOR OF IMMIGRATION AND CUSTOMS ENFORCEMENT; PETER BERG, Director, St. Paul Field Office Immigration and Customs Enforcement; and KURT FREITAG, Sheriff, Freeborn County; | **REPORT AND RECOMMENDATION** |
| Respondents. | |

Tarley K., A094568979, Freeborn County Jail, 411 South Broadway Ave, P.O. Box 170, Albert Lea, MN 56007, petitioner, pro se

Adam J. Hoskins, Ana H. Voss, Ann M. Bildtsen, Assistant United States Attorneys, United States Attorney's Office, 300 S 4th St Ste 600, Minneapolis, MN 55415, counsel for respondents

In this habeas proceeding, Tarley K. (hereafter "Mr. K"), a Liberian national, alleged that the respondents unlawfully detained him pending his removal from the United States. [Pet., ECF No. 1.] The respondents originally responded to Mr. K's habeas petition on July 19, 2019, arguing that his continued detention did not violate his due process rights under the United States Constitution because there was a substantial likelihood that he would be removed to Liberia from in the reasonably foreseeable future. [Resp. to Pet., ECF No. 5.] On August 22, 2019, respondents notified the Court that Mr. K was removed to Liberia via a charter flight on August 13, 2019. [Resp't Letter, ECF No. 9.]

Because Mr. K sought release from custody under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and is now no longer in the custody of any respondent, the respondents contend that his petition is moot and should be dismissed. [Resp't Letter at 1–2.] The Court agrees. Mr. K's removal from the United States means that there is no longer any actual, ongoing case or controversy. "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing controversies." *Hayden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000). Courts consistently conclude that when a petitioner in a habeas action such as this is removed from the United States and returned to his native country, there is no longer a live case or controversy because a court can no longer order the relief sought in the petition. *See, e.g.*, *Hassan v. I.C.E.*, No. 13-cv-841 (PJS/LIB), 2013 WL 3974522, at *2 (D. Minn. Aug. 1, 2013) (Order adopting report and recommendation); *Mhanna v. U.S. Dep't of Homeland Sec. Citizenship & Immigration Servs.*, No. 10-cv-292 (JRT/LIB), 2010 WL 5141803, at *11-12 (D. Minn. Dec. 13, 2010). Consistent with these cases, the Court concludes that it cannot give Mr. K the relief he seeks in his petition, rendering this moot.

Accordingly, **IT IS HEREBY RECOMMENDED** that the Petition [ECF No. 1] be **DENIED AS MOOT** and this action be **DISMISSED**.

Date: August 23, 2019               *s/ Katherine Menendez*
                                     Katherine Menendez
                                     United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14

days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.